22

MOTOR  FINANCE  CO.  v.  STATE

Ohio Appeals, 6th Dist., Lucas County

No. 1510.  Decided Nov. 24, 1924

229. CHATTEL MORTGAGES—1. The interest of a mortgagee thereunder is that of general owner of the property mortgaged and he is entitled to the possession of it unless reserved to the mortgagor by the terms.

2. A justice of the peace is not entitled to the possession of an automobile seized under the prohibition law, when demanded by a mortgagee who did not know the property was being used in violation of law.

3. Under 6212-43 GC. a chattel mortgagee has the rights of "the owner"...Affirms Metro. Securities Co. v. Orlow, 107 OS. 583.
CHITTENDEN, J.

Epitomized Opinion

Published only in Ohio Law Abstract

Woliner was arrested by a constable on a charge of violating the prohibition law by the illegal transportation of intoxicating liquor. He pleaded guilty to the charge before a justice of the peace, and was fined.

Thereafter the Motor Finance Co. filed with the Justice an intervening petition alleging it was the owner of a chattel mortgage upon the automobile which was seized, and upon which there was due the sum of $203.49, and asked that the possession of the car be surrendered to it. The Justice ordered the car sold and the proceeds distributed according to 6212-43 GC. The Finance Co. excepted and the Common Pleas affirmed the judgment. In

reversing the judgment and remanding the cause the appeals court held:

1. In a proceeding in error the reviewing court has no power to make findings of fact, its jurisdiction being confined to a consideration of record in the court below, which it may affirm, modify or reverse; therefore the finding of facts of the Common Pleas Court is not conclusive.

2. A chattel mortgagee is entitled to the possession of the mortgaged property where such possession is not reserved by the terms of the mortgage to the mortgagor, and under section 6212-43 of the General Code, possesses the interests of the general owner and is entitled to have its rights fully protected under this section of the law.

3. The record is clear that the evidence introduced establishes good cause why the automobile should not be ordered sold and the possession of it should have been surrendered to the Finance Company, as the chattel mortgage was valid and the company was innocent as to the use of the mortgaged property.

4. The fees taxed by the constable were exceedingly large, and the costs should be re-taxed.

Attorneys—Conn & Holloway for Motor Finance Co., Roy R. Stuart, Pros. Atty. and Harry S. Commager for State; all of Toledo.